UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD CERNOHORSKY, et al.,

    Plaintiffs,

v.

CAREER EDUCATION CORPORATION,
and INTERNATIONAL ACADEMY OF
MERCHANDISING & DESIGN, INC.,

    Defendants.

_____/

CASE NO. 8:13-cv-00124-EAK-AEP

**ORDER ON DEFENDANTS' MOTION TO COMPEL ARBITRATION
AND STAY PROCEEDINGS**

This cause is before the Court on Defendants' Motion to Compel Arbitration and Stay Proceedings (Doc. 10), Plaintiffs' Response in Opposition to Defendants' Motion to Compel Arbitration and Stay Proceedings (Doc. 17), and Defendants' Reply to Plaintiffs' Response in Opposition to Defendants' Motion to Compel Arbitration and Stay Proceedings (Doc. 33). For the reasons set forth below, Defendants' motion is **GRANTED**.

**PROCEDURAL HISTORY**

Plaintiffs, Ronald Cernohorsky and others similarly situated, filed this action on Jan. 14, 2013, in the Middle District of Florida. Defendants, Career Education Corp. ("CEC") and International Academy of Merchandising and Design, Inc. ("IADT Online"), filed the Motion to Compel Arbitration and Stay Proceedings (Doc. 10) on Feb. 11, 2013. Plaintiffs filed the Response in Opposition (Doc. 17) on Mar. 8, 2013.

1

Defendants filed the Reply to Plaintiffs' Response in Opposition (Doc. 33) on June 21, 2013.

## STATEMENT OF THE FACTS

Plaintiffs are former students of IADT Online, a for-profit educational institution that offers online courses to students via a virtual campus in fields such as graphic design, web design and development, retail merchandise management, Internet marketing, and digital media production. IADT Online is a wholly owned subsidiary of CEC. Plaintiffs brought this action alleging violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA"), the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), along with common law claims of unjust enrichment and breach of fiduciary duty. Defendants now move to compel arbitration on all claims based on the arbitration provision in the Enrollment Agreement. The Enrollment Agreement contains the following provisions:

> Agreement to Arbitrate - Any disputes, claims, or controversies between the parties to this Enrollment Agreement arising out of or relating to (i) this Enrollment Agreement; (ii) the Student's recruitment, enrollment, attendance, or education; (iv) any claim, no matter how described, pleaded or styled, relating, in any manner, to any act or omission regarding the Student's relationship with Academy, its employees, or with externship sites or their employees; or (v) enforceability of this Arbitration Agreement shall be resolved pursuant to this paragraph (the "Arbitration Agreement").
>
> Choice of Arbitration Provider and Arbitration Rules – Unless the parties agree to an alternative, the arbitration shall be administered by the American Arbitration Association ("AAA"). The arbitration shall be before a single arbitrator. The AAA's Commercial Arbitration Rules, and applicable supplementary rules and procedures of the AAA, in effect at the time the arbitration is brought, shall be applied.

Dkt. 17-1.

Plaintiffs contest the validity of the arbitration provisions, arguing that they are unconscionable and violate Florida public policy. Plaintiffs contend this Court, rather than an arbitrator, should determine whether the provisions are valid.

## DISCUSSION

The Federal Arbitration Act ("FAA") provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Although the FAA governs the applicability of arbitration agreements, state law governs issues "concerning the validity, revocability, and enforceability of contracts generally." *Perry v. Thomas*, 482 U.S. 483, 492 n.9 (1987). Whether the parties have a valid arbitration agreement is usually a question for the court to decide. *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003). Where the parties "clearly and unmistakably" defer decisions of validity to the arbitrator, the court shall compel arbitration without assessing the arbitration agreement's validity. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

The Eleventh Circuit has held that an agreement to follow AAA rules is a clear and unmistakable delegation of authority to the arbitrator to determine the validity of the arbitration agreement. *Terminix Int'l Co. v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1332 (11th Cir. 2005). The court indicated that, by incorporating the AAA rules into the arbitration agreement, the parties had contracted out of the default rule that would have the court assessing the arbitration agreement's validity. *Id.* at 1333.

The Enrollment Agreement in the present case provides that arbitration shall proceed in accordance with AAA rules. AAA Rule 7(a) gives the arbitrator "the power to rule on his or her own jurisdiction, including any objections with respect to the existence,

scope, or validity of the arbitration agreement." Under *Terminix*, this "clearly and unmistakably" delegates the issue of validity to the arbitrator. *Terminix*, 432 F.3d at 1332.

Accordingly, it is **ORDERED** that Defendants' Motion to Compel Arbitration and Stay Proceedings (Doc. 10) is **GRANTED**. The Clerk of Court is directed to administratively close this case pending outcome of arbitration and all other pending motions shall be terminated but may be renewed if later appropriate.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of June 2013.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE

Copies to: All Parties and Counsel of Record